UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW BURGOYNE,<br><br>    Plaintiff,<br><br>v.<br><br>ROCK CREEK FIREFIGHTERS ASSOCIATION, INC. et al.,<br><br>    Defendants. | Case No.  1:20-cv-511-CWD<br><br>**DISCOVERY PLAN** |

I. <u>Preservation</u>

    a. **Preservation & Proportionality:**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

    b. **Electronically Stored Information (ESI):**  With regard to ESI, the parties agree that:

        i. **Date Range:**  Only ESI created or received between November 2017 and the present will be preserved;

        ii. **Scope of Preservation:**  The parties agree to:

            1. Preserve the Following Types of ESI

                a. All notes, records, reports, interviews, investigations, files, statements, bills, diaries, drawings, illustrations,

notes, journals, summaries, emails, writings, messages, correspondence, communications, mermoranda, policies, agendas, schedules, logs, calendars, directives, and instructions regarding all the claims in the Complaint, including but not limited to:

    i. Plaintiff's employment with Defendants;

    ii. Defendants' accommodation of Plaintiff's disability;

    iii. Defendants or their staff's interaction with Plaintiff;

    iv. Defendants or their staff's treatment of Plaintiff;

    v. Defendants' termination of Plaintiff;

    vi. Defendants' disciplinary system;

    vii. Defendants' policies relating to people with disabilities;

    viii. Defendants' relationship with thirty parties, including the Southern Idaho Regional Communications Center ("SIRCOMM");

    ix. Defendants or their staff's communications with thirty parties, including the Southern Idaho Regional Communications Center ("SIRCOMM") relating to Plaintiff;

    2. From the Following Custodians or Job Titles:

        a. All Custodians of the parties.

    3. From the Following Systems, Servers, or Databases

        a. Individual computers (including laptops, desktops, etc.); all servers, cloud-based servers, comprehensive mail storage systems, or web-accessible email services; and handheld devices, such as smartphones or tablets.

iii. **Preserved But Not Searched:** These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

    1. None.

iv. **Not Preserved:** Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

    1. Materials generated prior to the time plaintiff filed his Charge of Discrimination with the EEOC may no longer be available because they were lost, destroyed or otherwise deisposed of prior to the attachment of any preservation obligation. To the extent such materials exist, the parties agree to preserve and produce them if otherwise responsive to

-3-

     a valid discovery request and subject to any objections or privileges that may apply.

   v. **ESI Retention Protocols:** Going forward, the parties agree *[not to modify]* the document and ESI retention/destruction protocols of *[party]*.

   vi. **Cost Sharing:**

     ☐ *[The parties agree to share the cost of an electronic discovery vendor; shared document repository; or other cost saving measures]*

     ☒ *[The parties agree to bear their own costs for preservation of e-discovery]*

## II. Initial Disclosures

 a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:
- Plaintiffs:  May 14, 2021.
- Defendants:  May 14, 2021.

## III. Scope of Discovery

 a. **Scope:** Discovery is necessary on the following subjects/issues:
- For Plaintiff:
   1. Discovery pertaining to all claims alleged in Plaintiff' complaint.

2. Discovery pertaining to all defenses alleged in Defendants' answer.

3. All facts underlying and relating to expert discovery;

- For Defense:

4. All facts underlying and relating to Plaintiff's claims;

5. All facts underlying and relating to Plaintiff's damages;

6. All facts underlying and relating to Defendant's defenses;

7. All facts underlying and relating to expert discovery;

## IV. Discovery Boundaries

a. **<u>Limits:</u>** The parties agree to limit the number of discovery tools as follows:

☒ Depositions:        10

☒ Interrogatories:    25

☐ Requests for Production:

## V. ESI

a. **<u>*Checklist:*</u>** *The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).*

b. **_Proportionality_**: *Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:*

- *from more than 15 key custodians;*

- *that was created more than 5 years before the filing of the lawsuit;*

- *from sources that are not reasonably accessible without undue burden or cost; or*

- *for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection.  The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.*

c. **ESI File Format:**  The parties agree to produce documents in the following file format[s] *[check any that apply]*:

☒PDF;

☒TIFF;

☒Native; and/or

☐Paper.

d. **ESI Production Format:**  The parties agree that documents will be produced *[check any that apply]*:

☒with logical document breaks;

☒as searchable;

☐with load fields enabling review in common litigation databases such as Summation and Concordance;

☐with metadata, and, if so, in the following fields: _____.

e. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

☐Predictive coding (or technology assisted review);

☒ Keyword search;

☐Other: _____.

f. **Search Methodology – Transparency:** The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: Search terms.

g. **General ESI Production vs. E-mail Production:** The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall include e-mail or other forms of electronic correspondence (collectively "e-mail").

h. **E-mail Custodian List Exchange:** On or before *May 15, 2021,* the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a

specific identification of the *[15]* most significant listed e-mail custodians in view of the pleaded claims and defenses.

i. **Discovery Re E-mail Custodians, Search Terms & Time Frames:** Each requesting party may propound up to *[5]* written discovery requests and take *[one]* deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

j. **Form of E-mail Production Requests:** E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

k. **Limits on E-mail Production Requests – Custodians:** Each requesting party shall limit its e-mail production requests to a total of *[8]* custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

l. **Limits on E-mail Production Requests – Keyword Search Terms:** Each requesting party shall limit its e-mail production requests to a total of *[10]* keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate

unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

m. **Liaison:**  Each party *[will identify]* a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI.  This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## VI. Deadlines

a. The deadline for the completion of fact discovery is: November 30, 2021

b. The deadline for completion of expert witness discovery is: November 30, 2021

## VII. Phased or Issue-Specific Discovery

The parties agree that discovery will not be conducted in phases.

## VIII. Documents Protected From Discovery

a. **Clawback:**  Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the

parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **Quick Peek:** The parties

☒*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

☐*[agree to a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) as set forth herein: _____]*.

c. **Post-Complaint Communications:** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## IX. Protective Order

a. The parties have agreed to the terms of a Protective Order to protect *[trade secrets, proprietary material, personal information, etc]* and will submit that to the Court for its approval.

b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Dated: April 28, 2021

       /s/ Carl J. Withroe
Carl J. Withroe, ISB No. 7051
carl.withroe.service@mooneywieland.com
MOONEY WIELAND PLLC
802 W. Bannock St.,
Ste 500
Boise, ID 83702
t: 208.401.9219
f: 208.401.9218

Andrew Rozynski, Esq.
EISENBERG & BAUM, LLP
24 Union Square East, Penthouse
New York, NY 10003
Main: (212) 353-8700
Fax: (917) 591-2875
arozynski@eandblaw.com

*Attorneys for Plaintiff*

Hawley Troxell Ennis & Hawley, LLP

By /s/David P. Gardner
David P. Gardner – Of the Firm

*Attorneys for Defendants*